IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEONARD EVANT MONTGOMERY, | * | |
| Petitioner, | * | Civil Action No. RDB-12-2070 |
| v. | * | Criminal Action No. RDB-10-0475 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

In 2010, Leonard Montgomery pled guilty to one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. On July 11, 2012, he collaterally attacked his conviction and sentence by way of a motion to vacate pursuant to 28 U.S.C. § 2255, and this motion is now pending before this Court. In conjunction with his motion to vacate, Montgomery requested appointment of counsel (ECF No. 114). Upon reviewing Montgomery's request, this Court finds that Montgomery does not require appointment of counsel.

Montgomery's motion to vacate constitutes an independent civil proceeding. Montgomery has no constitutional right to appointed counsel. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). Instead, the matter is left entirely to the Court's discretion. Rule 8 of the *Rules Governing Section 2255 proceedings for the United States District Courts* provides that counsel should be appointed for a movant who qualifies for appointment of counsel under 18 U.S.C. §3006A(g) if the Court finds that an evidentiary hearing is required to determine whether the challenged sentence should be vacated. *See* Rule 8(c) of the *Rules Governing Section 2255*

1

*Proceedings*. However, where no hearing is required, the appointment of counsel is not warranted. *See Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992) (explaining that a criminal defendant has no statutory right to counsel when the Court determines that an evidentiary hearing is not required to settle a motion to vacate pursuant to 28 U.S.C. § 2255).

At this early stage of review, Montgomery is able to articulate his claim that he does not qualify as a career offender under Section 4B1.1 of the Federal Sentencing Guidelines, and his ineffective assistance of counsel claim is not unduly complex. *See id.* (explaining that a criminal defendant's asserting ineffective assistance of counsel under the *Strickland* test has a "straightforward nature"). Thus, there is no immediate need for counsel, and the motion will be DENIED without prejudice.

Accordingly, it is this 29th day of October, 2013, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Montgomery's request for appointment of counsel is DENIED; and
2. The Clerk MAIL a copy of this Order to Leonard Montgomery and ALSO PROVIDE a copy of this Order to Assistant United States Attorney Ayn B. Ducao.

/s/

Richard D. Bennett
United States District Judge